IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA,

v.   Criminal No. 3:03CR394–36

JEREL LAMAR TORAN,

Petitioner.

## MEMORANDUM OPINION

Jerel Lamar Toran, a federal inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 1519). Toran asserts that, in light of the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), his enhanced sentence under the United States Sentencing Guidelines ("USSG") for possession of a firearm is unconstitutional. (*Id.* at 4.)[1] The Government has responded, arguing that Toran's § 2255 Motion is meritless.[2] (ECF No. 1525.) For the reasons set forth below, Toran's § 2255 Motion will be DENIED.

## I. Procedural History

In 2004, Toran pled guilty to conspiracy to commit violations of the Racketeering Influenced and Corrupt Organizations Act in violation of 18 U.S.C. § 1962(d), as detailed in Count One of the Third Superseding Indictment filed against him. (J. 1, ECF No. 726.) Toran's Presentence Investigation Report ("PSR") detailed that, "Toran was also known to carry firearms during the course of the conspiracy. Therefore, [Toran's] offense level is increased by two levels

---

[1] The Court employs the pagination assigned to Toran's § 2255 Motion by the CM/ECF docketing system.

[2] The Government also argues that Toran's § 2255 Motion is barred by the applicable statute of limitations. (Resp. 4.) However, because Toran's § 2255 Motion is readily dismissed for lack of merit, the Court declines to consider the Government's argument regarding timeliness.

pursuant to the [USSG] § 2D1.1(b)(1), for possession of a firearm." (PSR ¶ 49, ECF No. 1475-1.) However, Toran's PSR further detailed that his Offense Level Total was 40, which was calculated by cross-referencing first-degree murder, pursuant to USSG § 2A1.1(a), with three-points deducted for acceptance of responsibility. (*Id.* Wksht A, at 4; *id.* Wksht B, at 1; *id.* Wksht D, at 1.) Toran's sentencing guideline range was 360 months to life imprisonment.[3] (*Id.* Wksht D, at 1.) On September 27, 2004, the Court sentenced Toran to 360 months of imprisonment. (J. 2, ECF No. 726.)

## II. Analysis

As his sole claim for relief in his § 2255 Motion, Toran states "Johnson's residual clause [is] unconstitutionally vague. 2D1.1(b)(1) for possession of a firearm is not a crime of violence." (§ 2255 Mot. 4.)

In *Johnson*, the Supreme Court noted,

> [u]nder the Armed Career Criminal Act ["ACCA"] of 1984, a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a "violent felony," a term defined to include any felony that "*involves conduct that presents a serious potential risk of physical injury to another.*"

*Johnson*, 135 S. Ct. at 2555 (emphasis added) (quoting 18 U.S.C. § 924(e)(2)(B)). This part of the definition of violent felony "ha[s] come to be known as the Act's residual clause." *Id.* at 2556. The *Johnson* Court held "that imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." *Id.* at 2563.

Here, however, Toran was never subject to a sentence enhancement under the ACCA, nor was his sentence driven by an enhancement under USSG § 2D1.1(b)(1). Rather, Toran's Offense Level Total was calculated by cross-referencing first-degree murder, pursuant to USSG

---

[3] At the time Toran was sentenced, the Sentencing Guidelines were deemed mandatory. *See United States v. Booker*, 543 U.S. 220, 233 (2005).

2

§ 2A1.1(a), with three-points deducted for acceptance of responsibility. (*Id.* Wksht A, at 4; *id.* Wksht B, at 1; *id.* Wksht D, at 1.) The ACCA's residual clause that was held unconstitutional in *Johnson* was not used in the determination of Toran's sentence. Because Toran did not receive a sentence under the ACCA, his assertion that he is entitled to relief pursuant to *Johnson* is meritless. *See United States v. Holland*, No. 1:01–CR–195–06, 2016 WL 3387170, at *2 (M.D. Pa. June 20, 2016) (concluding petitioner's sentence was calculated pursuant to USSG § 2A1.1 and thus *Johnson* was inapplicable).

Accordingly, the § 2255 Motion (ECF No. 1519) will be DENIED. The action will be DISMISSED. A certificate of appealabilty will be DENIED.[4]

An appropriate Order shall issue.

/s/ M. Hannah Lauck
M. Hannah Lauck
United States District Judge

Date: 3/15/2018
Richmond, Virginia

---

[4] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Toran has not satisfied this standard.

3